Patric A. Lester (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #385
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Attorneys for Plaintiff Rebecca Stewart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBECCA STEWART, | Case No. **'12CV1907 DMS WVG** |
| Plaintiff, | COMPLAINT |
| vs. | |
| NATIONAL ENTERPRISE SYSTEMS, | |
| Defendant. | |

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Plaintiff, (hereinafter "Plaintiff") against NATIONAL ENTERPRISE SYSTEMS (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, . (hereinafter "FDCPA").[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "the Rosenthal Act").[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

---

[1] All undesignated section references to §1692 are to the FDCPA

[2] All undesignated section references to §1788 are to the Rosenthal Act

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

4. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act.

5. Jurisdiction arises pursuant to 28 U.S.C. §1391, 1337, 15 U.S.C. §1692(k)(d), and 28 U.S.C.§1367 for supplemental state claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**THE PARTIES**

7. Plaintiff is a natural person residing in Los Angeles County, California.

8. Plaintiff is a "consumer" within the meaning of §1692a(3) in that she is a natural person purportedly obligated to pay a student loan, allegedly owed to National Collegiate Trust, (hereinafter "Debt")

9. Plaintiff is a "debtor" as that term is defined by §1788.2(h).

10. Plaintiff is a "person" as defined by 47 U.S.C. §153(10).

11. Defendant is a company operating from the City of Solon, State of Ohio.

12. Defendant is a person who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by §1692a(6).

13. Defendant in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by §1788.2(b), and is therefore a debt collector as that term is defined in §1788.2(c).

14. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, which includes using instrumentalities of interstate commerce to communicate across State boundaries to consumers residing in the Southern District of California, this Court has personal jurisdiction over Defendant for purposes of this action.

**FACTUAL ALLEGATIONS**

15. Prior to January 1, 2010, Plaintiff allegedly fell behind in the payment allegedly owed

on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

16. After, October, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

17. At various and multiple times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to collect a debt as defined by §1692a (5) of the FDCPA and a consumer debt as defined by § 1788.2(f) of the Rosenthal Act.

18. Beginning on or about on or about October 1, 2011, and on multiple occasions since that time, Defendant contacted and/or attempted to contact Plaintiff by phone calls.

19. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

20. Defendant contacted Plaintiff at her place of employment. Defendant continued to contact Plaintiff at her place of employment after being notified Plaintiff was not to be contacted at work.

21. Defendant threatened Plaintiff with legal action in an attempt to collect an alleged debt. Defendant has yet to file a lawsuit against the Plaintiff.

22. Defendant threatened to put a lien on Plaintiff's house in an attempt to collect an alleged debt.

23. Defendant divulged to third parties that Plaintiff owed an alleged debt.

24. These phone calls were communications within the meaning of §1692a(2) and debt collections as defined in §1788.2(b)

25. By engaging in the foregoing conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated §1692d.

26. As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injurys.

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA)**

27. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above. Defendant violated the FDCPA based on the following:

28. Defendant violated §1692b(1) of the FDCPA by contacting third parties and failing to identify themselves and failing to state that the debt collector was confirming or correcting location information

29. Defendant violated §1692b(2) of the FDCPA by contacting a third party and stating that the Plaintiff owes a debt.

30. Defendant violated §1692b(3) of the FDCPA by contacting a third party more than once in an attempt to collect an alleged debt.

31. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at her place of employment when Defendant knows that the employer prohibits such communications.

32. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

33. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engage Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

34. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without disclosing his/her identity.

35. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. Defendant violated §1692e(5) of the FDCPA by threatening to take legal action that is not intended to be taken.

37. Defendant violated §1692e(10) of the FDCPA by using false and deceptive means to collect a debt and obtain information about the Plaintiff.

38. Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of §1692 et seq.

40. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

**SECOND CLAIM FOR RELIEF**

**(Claim for violations of the Rosenthal Act)**

41. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

42. Defendant violated §1788.10(e) of the RFDCPA by threatening that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.

43. Defendant violated §1788.11(b) of the RFDCPA by placing telephone calls without the disclosure of the callers identity.

44. Defendant violated §1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

45. Defendant violated §1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

46. Defendant violated §1788.12(a) of the RFDCPA by communicating with the Plaintiff's employer regarding the Plaintiff's alleged consumer debt.

47. Defendant violated §1788.13(j) of the RFDCPA by making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

48. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.

49. Plaintiff is entitled to statutory damages of $1000.00 under §1788.17 of the Rosenthal act for Defendant violations, as enumerated above, of the FDCPA. Because the above stated conduct violated certain portions of the FDCPA as these portions are incorporated by reference in §1788.17,

each of those acts or omissions also violated §1788.17.

50. Plaintiff is entitled to statutory damages of $1000.00 under §1788.30(b) for Defendant violations, as enumerated above.

51. Pursuant to §1788.32, the remedies provided under §§1788.30(c) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

52. Plaintiff is also entitled to attorney's fees and costs for violations of the Rosenthal Act pursuant to §1788.30(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) of the FDCPA;

(5) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A) of the FDCPA;

(6) Award of statutory damages of $1,000.00 pursuant to § 1788.17[3] of the Rosenthal Act;

(7) Award of statutory damages of $1,000.00 pursuant to §1788.30(b) of the Rosenthal Act, for Defendant violations, as enumerated above;

(8) Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k (a) (3) of the FDCPA and § 1788.30(c) of the Rosenthal Act;

(9) Such other and further relief this court may deem just and proper.

53. Pursuant to the seventh amendment to the Constitution of the United States of America,

---

[3] *§ 1692k(a)(2)(A) of the FDCPA*

1 | Plaintiff is entitled to, and demands, a trial by jury.

3 | Dated August 2, 2012     */s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
Rebecca Stewart